THE OFFICE OF THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION IN WHICH YOU ASK, IN EFFECT:
 1. WOULD AN UNINCORPORATED, NON-PROFIT FOUNDATION WHICH SPONSORS A SEMINAR IN WHICH AN ATTENDANCE FEE IS CHARGED BE CONSIDERED A "PRIVATE SCHOOL" FOR PURPOSES OF REGULATION BY THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS?
 2. WOULD THIS FOUNDATION BE CONSIDERED A "PRIVATE SCHOOL" IF SUCH SEMINAR WAS LIMITED TO A TWO-DAY, ONE-TIME EVENT?
 3. WOULD A BUSINESS SUCH AS A FABRIC SHOP HOLDING A WEEK LONG CLASS ON QUILTING OR A PHOTOGRAPHY SHOP HOLDING A THREE-DAY CLASS ON PHOTOGRAPHY BE CONSIDERED A "PRIVATE SCHOOL" FOR PURPOSES OF REGULATION BY THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS?
 4. WOULD AN INDIVIDUAL SUCH AS A MEMBER OF THE UNITED STATES CONGRESS WHO HOLDS A TWO HOUR SEMINAR ON BUSINESS LOBBYING IN CONGRESS BE CONSIDERED A "PRIVATE SCHOOL" FOR PURPOSES OF REGULATION BY THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS?
 5. IF THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS DETERMINES THAT AN ENTITY IS A "PRIVATE SCHOOL" AND THE ENTITY DISAGREES WITH THAT DETERMINATION, DOES THAT ENTITY HAVE A RIGHT TO AN ADMINISTRATIVE APPEAL OR APPEAL AT THE DISTRICT COURT?
TITLE 72 O.S. 21-101, DEFINES A PRIVATE SCHOOL AS:
 "ANY PRIVATELY-OWNED BUSINESS SCHOOL, FLIGHT SCHOOL, TRADE SCHOOL OR OTHER SCHOOL OFFERING RESIDENT OR CORRESPONDENCE COURSES IN THIS STATE WHICH GIVES TRAINING IN ANY BUSINESS, PROFESSION, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION FOR CONSIDERATION OR REMUNERATION."
CERTAIN SCHOOLS, SUCH AS BARBER SCHOOLS, BEAUTY SCHOOLS OR SCHOOL REGULATED OR LICENSED PURSUANT TO OTHER LAWS OF OKLAHOMA ARE EXEMPTED. ID.
AS YOU STATED IN YOUR LETTER, ATTORNEY GENERAL OPINION 82-009 RECOGNIZED THAT THE DETERMINATION OF THE REQUIREMENT THAT A CERTAIN PRIVATE SCHOOL BE LICENSED IS A QUESTION OF FACT. THIS OPINION MAY BE CONSIDERED DETERMINATIVE IN THIS SITUATION. A.G. OPINION 82-009 PROPERLY NOTED THAT WORDS NOT DEFINED IN THE PRIVATE SCHOOL ACT MUST BE GIVEN THEIR PLAIN AND ORDINARY MEANING. TERRY V. EDGIN, 598 P.2D 228 (OKLA. 1979). THAT OPINION ALSO PROVIDED A FRAMEWORK FOR THE DETERMINATION OF WHAT A "SCHOOL" IS:
 "(A)N INSTITUTION CONSISTING OF A TEACHER AND PUPILS, IRRESPECTIVE OF AGE, GATHERED TOGETHER FOR INSTRUCTION IN ANY BRANCH OF LEARNING(.) THE THREE ESSENTIAL ELEMENTS OF A SCHOOL ARE (1) A TEACHER, (2) THE PUPIL OR PUPILS, AND (3) THE PLACE OR INSTITUTION. STATE V. SUPERIOR COURT, WASH., 346 P.2D 999 (1959)."
OF COURSE, IT CAN BE NOTED THAT UNLIKE FROM THE ABOVE CITATION, THE OKLAHOMA ACT ALLOWS CORRESPONDENCE TRAINING, SO THAT THERE IS AN EXCEPTION TO THE REQUIREMENT THAT INSTRUCTION TAKE PLACE IN AN "INSTITUTION". HOWEVER, IN ORDER TO REQUIRE LICENSURE, SUCH A PRIVATE SCHOOL MUST ALSO, AS STATED IN
21-101, PROVIDE TRAINING IN ". . . ANY BUSINESS, PROFESSIONAL, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION FOR CONSIDERATION OR REMUNERATION."
THEREFORE, IN REGARD TO YOUR FIRST QUESTION, THE KEY IS NOT JUST THAT A FEE IS CHARGED FOR A SEMINAR. THE ELEMENTS TO BE CONSIDERED ARE THAT (1) THERE IS A SCHOOL, (2) IT IS PRIVATELY OWNED, NOT PUBLIC, (3) IT OFFERS TRAINING IN A BUSINESS, PROFESSIONAL, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION, AND (4) IT CHARGES A FEE. YOU HAVE ADVISED IN YOUR SCENARIO THAT A NONPROFIT, UNINCORPORATED FOUNDATION WOULD CONDUCT A SEMINAR FOR A FEE. IN REGARD TO THE ELEMENTS ABOVE, SUCH A SEMINAR COULD BE CONSIDERED A SCHOOL. FURTHERMORE, THERE IS A FEE CHARGED, AND THE COMPANY IS PRIVATELY OWNED INASMUCH AS IT IS NOT A PUBLIC OR GOVERNMENT ENTITY. THERE IS NO EXEMPTION FROM LICENSURE FOR AN UNINCORPORATED, NON-PROFIT FOUNDATION. THE LAST ELEMENT, AS TO THE TYPE OF TRAINING, IS THUS THE KEY IN THIS SCENARIO. IF THE TYPE OF COURSEWORK OFFERED RELATES TO ANY BUSINESS, PROFESSION, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION, OTHER THAN THOSE SCHOOLS EXEMPTED FROM THE ACT, SUCH A SCHOOL MUST LICENSE. THIS IS, HOWEVER, MOST OFTEN A QUESTION OF FACT THAT THIS OFFICE CANNOT RESOLVE.
IN YOUR SECOND QUESTION, WHERE THE EVENT IS A ONE-TIME EVENT LIMITED TO TWO DAYS, AND IF ALL OTHER ELEMENTS FOR LICENSURE ARE PRESENT, THERE IS NO EXEMPTION FROM LICENSURE FOR SUCH A SCHOOL BASED ON THE LENGTH OR FREQUENCY OF THE SEMINAR. HOWEVER, THE RULES OF THE BOARD PERMIT SUCH A SCHOOL, WHERE IT OTHERWISE FALLS UNDER THE DEFINITION OF A PRIVATE VOCATIONAL SCHOOL, TO BE LICENSED AS A SEMINAR. OKLAHOMA BOARD OF PRIVATE VOCATION SCHOOLS. MINIMUM STANDARD AND RULES REGULATIONS, SECTION XIII. THIS SECTION APPLIES TO SCHOOLS WHICH OFFER COURSES OF LESS THAN TWENTY (20) CONTACT HOURS OR MEETS FEWER THAN FOUR (4) TIMES ANNUALLY.
AS TO YOUR THIRD QUESTION, THE DETERMINATION OF A LICENSURE REQUIREMENT FOR A CLASS ON QUILTING OR PHOTOGRAPHY MUST BE IN ACCORDANCE WITH THE ELEMENTS SET FORTH ABOVE. SO LONG AS IT IS A SCHOOL, IS PRIVATELY OWNED, AND CHARGES A FEE, IT MUST BE DETERMINED IF THE NATURE OF THE CLASS RELATES TO A BUSINESS, PROFESSIONAL, TRADE, TECHNICAL, OR INDUSTRIAL OCCUPATION. IN EITHER THE QUILTING OR PHOTOGRAPHY QUESTION THIS IS A QUESTION OF FACT. IN EITHER CASE IT IS POSSIBLE FOR A PERSON TO SEEK TO FURTHER A "BUSINESS" GOAL. CLEARLY PHOTOGRAPHERS CAN EARN A LIVING. IT IS ALSO NOT UNKNOWN FOR PEOPLE TO SELL QUILTS FOR INCOME. THUS THE DETERMINATION CANNOT BE MADE WITHOUT ADDITIONAL FACTS.
YOUR FOURTH QUESTION RELATES TO A SEMINAR OFFERED BY A MEMBER OF CONGRESS. SINCE BUSINESS LOBBYING WOULD APPEAR TO INVOLVE A BUSINESS GOAL, SO LONG AS THE OTHER ELEMENTS ARE PRESENT, A CONGRESSMAN WOULD BE REQUIRED TO LICENSE IN ORDER TO CONDUCT SUCH A SEMINAR. THE ACT CONTAINS NO EXEMPTION FOR CONGRESSMEN OR LOBBYISTS SEMINARS.
FINALLY, IN INSTANCES WHERE THE BOARD DETERMINES THAT A SCHOOLS MUST LICENSE, 72 O.S. 21-110 OF THE ACT PROVIDES THAT DECISIONS OF THE BOARD MAY BE APPEALED TO THE DISTRICT COURT FOR REVIEW. THERE ARE ALSO PROVISIONS IN THE BOARD'S RULES FOR AN ADMINISTRATIVE HEARING BEFORE TO BOARD TO APPEAL DECISIONS OF THE BOARD.
(JAMES ROBERT JOHNSON)